**UNITED STATES DISTRICT COURT
WESTERN TEXAS DISTRICT
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| ANTHONY SCOTT HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 7:19-cv-00287 |
| ) | |
| PARSLEY ENERGY, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ANTHONY SCOTT HOLLAND (hereinafter "Plaintiff" or "Holland"), and files his Complaint against Defendant, PARSLEY ENERGY, INC. (hereinafter "Defendant" or "Parsley"), and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA"), and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* (hereinafter the "TCHRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of his disability, for exercising, or attempting to exercise, his rights under the FMLA leading to Plaintiff's unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein occurred in this District.

## THE PARTIES

5. Plaintiff, Holland is a citizen of the United States, and is, and was at all times material, a resident of the state of Texas, residing in Tom Green County, Texas.

6. Defendant, Parsley is a Texas Limited Liability Company with its principal place of business in Midland, Texas, located in Midland County, Texas.

7. Plaintiff worked for Defendant at its offices located at 1703 E. County Rd. 120, Midland, Texas 79706.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On May 24, 2019, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On September 26, 2019, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days of the issuance of the EEOC's Dismissal and Notice of Rights.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a disabled male.

15. Plaintiff was employed by Defendant for approximately two (2) years and eleven (11) months.

16. Plaintiff was a full-time employee who regularly worked or exceeded forty (40) hours per week and while employed by Defendant. Plaintiff satisfactorily performed the job requirements of his position.

17. At the time of Plaintiff's termination, he held the position of Facility Superintendent.

18. Plaintiff had a physical impairment that substantially limited one or more of his major life activities including but not limited to walking and sleeping.

19. Plaintiff was subjected to disparate treatment and discrimination due to his disability with regards to the terms and conditions of his employment.

20. At all times relevant, Defendant was aware of Plaintiff's disability.

21. Plaintiff first notified Defendant of his disability in December 2018.

22. Defendant was further on notice of Plaintiff's disability as Plaintiff wore a "boot" on his right foot and used crutches to assist with walking while at work.

23. Plaintiff's doctors diagnosed him with Peroneal Tendinitis in his right leg and possible torn ligaments in his right ankle which Plaintiff believed would require surgery in the near future. Plaintiff's doctors then sent him for further testing and diagnostic procedures.

24. At all times material Plaintiff kept Defendant abreast of his disability and doctor's visits.

25. Following additional diagnostic procedures, Plaintiff's doctors confirmed surgery was required to address his disabilities. Plaintiff updated Defendant, specifically Jim Sanford, Facilities Engineer Manager, regarding his disability and notified Defendant that his surgery was in fact being scheduled.

26. Plaintiff further notified Defendant that based on the nature of the surgery Plaintiff's doctors anticipated that he would be out of work for eight to ten weeks on medical leave.

27. Due to his disability and in retaliation for his upcoming medical leave, Defendant immediately ceased all work-related communications with Plaintiff.

28. Just days after Plaintiff notified Defendant of his upcoming surgery and need for a medical leave Defendant terminated his employment citing pretextual reasons.

29. Similarly-situated non-disabled employees were treated more favorably and not in the same manner as Plaintiff was.

30. Plaintiff has been damaged by Defendant's illegal conduct.

31. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination in Violation of the ADA

32. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-31 above.

33. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

34. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

36. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

37. Defendant intentionally discriminated against Plaintiff based on his medical condition.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of the ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

41. Plaintiff engaged in protected activity under the ADA while employed by Defendant.

42. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

43. Defendant's conduct violated the ADA.

44. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

45. Defendant's conduct violates the ADA.

46. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

48. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### **Count III: FMLA Retaliation**

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31, above.

50. Plaintiff was an employee eligible for protected leave under the FMLA.

51. Defendant is and was an employer as defined by the FMLA.

52. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

53. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

54. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

55. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count IV: FMLA Interference

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22, above.

57. Plaintiff was an employee eligible for protected leave under the FMLA.

58. Defendant is and was an employer as defined by the FMLA.

59. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

60. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

61. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

62. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count V: Disability Discrimination in Violation of the TCHRA

63. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-31 above.

64. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHRA.

65. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

66. Defendant is prohibited under the TCHRA from discriminating against Plaintiff because of his medical condition with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

67. Defendant violated the TCHRA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

68. Defendant intentionally discriminated against Plaintiff based on his medical condition.

69. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

70. Defendant's unlawful conduct in violation of the TCHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of his civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### **Count VI: Retaliation in Violation of the TCHRA**

71. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-31 above.

72. Plaintiff engaged in protected activity under the TCHRA while employed by Defendant.

73. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

74. Defendant's conduct violates the TCHRA.

75. Defendant's discriminatory conduct, in violation of the TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

76. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

77. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Texas Bar Number: 24090213
Gary Martoccio
Texas Bar Number: 24108958
**Spielberger Law Group**

4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*